IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA      )
                              )
    v.                        ) Criminal No. 08-168-8
                              )
MARIO GLANTON                 )
```

MEMORANDUM ORDER

AND NOW, this 6th day of October, 2009, upon due consideration of the petition to expunge records (Document No. 588) filed by defendant Mario Glanton, and the government's response thereto, IT IS ORDERED that defendant's petition be, and the same hereby is, **denied**.

On April 15, 2008, a grand jury returned a five-count indictment charging 15 defendants with an international heroin distribution conspiracy. Mario Glanton ("defendant") was charged only at Count One with conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin. The government subsequently filed a motion to dismiss Count One as to defendant "in the interest of justice." By order dated April 22, 2009, this court granted the government's motion and dismissed Count One with respect to defendant.

AO 72
(Rev 8/82)

Defendant now moves the court to expunge the indictment and all records relating thereto. Defendant asserts that the indictment against him was "invalid" because the government moved to dismiss prior to any pretrial or trial proceedings, and therefore the court has the authority and jurisdiction to expunge.

In United States v. Dunegan, 251 F.3d 477, 480 (3d Cir. 2001), the court held that "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have jurisdiction to expunge a criminal record, even when ending in acquittal." The court determined that a court's inherent powers do not constitute a basis for jurisdiction over such a motion, nor does a court have the authority to invoke the doctrine of ancillary jurisdiction to reopen a closed case in order to consider an expungement petition. Id. at 478-79.

Recently, the Third Circuit Court of Appeals has reiterated that "our precedent clearly establishes that we have jurisdiction over petitions for expungement only when the validity of the underlying criminal proceeding is being challenged." United States v. Rowlands, 451 F.3d 173, 178 (3d Cir. 2006)(emphasis added); see also United States v. Boniella, 297 Fed. Appx. 161 (3d Cir. 2008) ("neither this Court nor the District Court has jurisdiction to seal or expunge a conviction where there is no challenge to the validity of the conviction or arrest.")

2

AO 72
(Rev. 8/82)

Here, defendant is not alleging that the underlying criminal proceedings were illegal. Although he asserts the underlying criminal proceeding was invalid, he does not allege a constitutional or statutory infirmity in the underlying proceedings or an unlawful arrest. Moreover, the mere fact that the government moved to dismiss the charge against defendant prior to trial does not suggest that the proceedings themselves were invalid or illegal.

In the absence of an attack on the legality of the underlying criminal proceedings, this court lacks jurisdiction over defendant's petition for expungement, and defendant's petition therefore must be dismissed.

                                                   /s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Constance M. Bowden
    Assistant U.S. Attorney

    Sally A. Frick, Esq.
    1601 Frick Building
    437 Grant Street
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)